IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEPHEN PULLENS,<br><br>                Petitioner,<br><br>vs.<br><br>JUDGE GREGORY SCHATZ, Douglas County District Court;<br><br>                Respondent. | **4:21CV3189**<br><br>**MEMORANDUM AND ORDER** |

On September 20, 2021, Petitioner filed a document entitled "Notice of Appeal (for Mandamus)" which the court docketed as a Petition for Writ of Mandamus. (Filing 1.) On September 27, 2021, the court directed Petitioner to either submit the $402.00 filing and administrative fees or a request to proceed in forma pauperis ("IFP") within 30 days. (Filing 4.) Petitioner filed a Motion for Leave to Proceed in Forma Pauperis on October 4, 2021. (Filing 6.) Petitioner also filed a "Petition for Writ of Mandamus" which the court construes as an Amended Petition. (Filing 5.) Upon cursory review of the Amended Petition, the court understands that Petitioner seeks mandamus relief with respect to his state postconviction proceedings challenging his criminal conviction.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Act does not define "civil action" for the purpose of the IFP statute, and neither excludes nor includes mandamus proceedings within its scope. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997). The Eighth Circuit Court of Appeals has found that the PLRA includes "a mandamus petition arising from an ongoing civil rights lawsuit." *Id*. The Court has not decided whether the PLRA applies to a mandamus petition when the underlying litigation is a civil habeas corpus proceeding. *Id*. Accordingly,

because it appears that Petitioner's mandamus petition challenges his underlying criminal proceedings, the court will not apply the PLRA to Petitioner, and he will not be required to pay the filing fee. Petitioner is warned that he may be subject to the PLRA and responsible for the full filing fee if his mandamus petition seeks "relief sought in civil actions that are covered by the PLRA." *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1059 (9th Cir. 2016) (quoting *In re Nagy*, 89 F.3d 115, 117 n.1 (2d Cir. 1996)); *see also Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996) ("A petition for mandamus in a criminal proceeding is not a form of prisoner litigation. . . . It is a procedural step in the criminal litigation, like an interlocutory or final appeal or a civil contempt proceeding against a witness."); *In re Grant*, 635 F.3d 1227, 1230 (D.C. Cir. 2011) (applying PLRA to mandamus petitions when the underlying action is civil); *In re Stone*, 118 F.3d 1032, 1033–34 (5th Cir. 1997) (same); *In re Tyler*, *supra* (same); *cf. Madden v. Myers*, 102 F.3d 74, 76–77 (3d Cir. 1996) (holding that mandamus actions are categorically not "civil actions"). *But see Green v. Nottingham*, 90 F.3d 415, 417–18 (10th Cir. 1996) (concluding that "petitions for a writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915").

IT IS THEREFORE ORDERED that: Petitioner's Motion for Leave to Proceed in Forma Pauperis (Filing 6) is granted. The next step in this case is for the court to conduct an initial review of the mandamus petition to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. The court will conduct this initial review in its normal course of business and will address Petitioner's pending motion for appointment of counsel at that time.

Dated this 7th day of October, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge