IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEPHEN PULLENS,<br><br>    Petitioner,<br><br>  vs.<br><br>JUDGE GREGORY SCHATZ,<br>Douglas County District Court,<br><br>    Respondent. | 4:21CV3189<br><br>**MEMORANDUM<br>AND ORDER** |

  Petitioner, a state prisoner, filed a petition for writ of mandamus on September 20, 2021 (Filing 1), and an amended petition on October 4, 2021 (Filing 5). On October 7, 2021, the court granted Petitioner leave to proceed in forma pauperis, and it was determined that the prisoner filing fee payment requirement of 28 U.S.C. § 1915(b)(1) does not apply to this action (see Filing 9). Upon further review of Petitioner's pleadings, however, the court concludes this action must be dismissed for lack of subject-matter jurisdiction.[1]

  Petitioner requests the court to issue numerous directives to a state district court judge regarding Petitioner's 2009 second-degree murder conviction and post-conviction proceedings. He specifies this action is brought under the All Writs Act, 28 U.S.C. § 1651.

  A federal district court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union Cnty.*, 323 F.2d 485, 486 (8th Cir. 1963). The actions of the named respondent in the

---

[1] The court has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

instant case are not within the jurisdiction of this court. *See id.*. Specifically, this court has no authority to compel action by state officers, including state judicial officers. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff") (emphasis added); *see also White v. Ward*, 145 F.3d 1139 (10th Cir. 1998) (explaining that federal courts "lack[ ] jurisdiction to direct a state court to perform its duty"); *Veneri v. Circuit Court of Gasconade Cnty.*, 528 F.Supp. 496, 498 (E. D. Mo. 1981) ("[I]t is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."); *Campbell v. Burns*, No. 8:19CV273, 2019 WL 3081016, at *1-2 (D. Neb. July 15, 2019) (dismissing for lack of subject-matter jurisdiction a state prisoner's mandamus action seeking to compel a state district court judge to vacate his criminal conviction and release him from custody). A habeas petition filed pursuant to 28 U.S.C. § 2254 "is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (citing *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).

IT IS THERFORE ORDERED:

1. This action is dismissed without prejudice for lack of subject-matter jurisdiction.

2. All pending motions (Filings 7, 11, 12, and 13) are denied without prejudice, as moot.

3. Judgment shall be entered by separate document.

Dated this 20th day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge