IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEPHEN PULLENS, | |
| Petitioner, | 4:21CV3189 |
| vs. | |
| JUDGE GREGORY SCHATZ, Douglas County District Court; | MEMORANDUM AND ORDER |
| Respondent. | |

    This matter is before the court on Petitioner's Motion for Reconsideration of Writ of Mandamus. (Filing 18.) Because Petitioner has not indicated which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion for reconsideration, it may be treated either as a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment.[1] *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). But whichever rule is applied, the motion fails.

    Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

    Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Petitioner's motion was timely filed on February 3, 2022.

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Here, Petitioner asks the court to reconsider its Memorandum and Order and Judgment (filings 14 & 15) entered on January 20, 2022, dismissing his petition for a writ of mandamus without prejudice for lack of subject matter jurisdiction. Petitioner asserts that he is seeking "a Declaratory Judgement stating that [Respondent] Judge Schatz abused his discretion or usurped his judicial power by ordering the Petitioner to Participate in a Competency Evaluation when the issue was not 'In-Controversy' and no 'Good-Cause' had been shown to give such an order." (Filing 18.) Petitioner relies on *Schlagenhauf v. Holder*, 379 U.S. 104 (1964), to show that this court has proper subject matter jurisdiction to consider Petitioner's claim and issue "some sort of order to compel the Douglas County District Court to not force the Petitioner in to participating in a competency evaluation." (*Id*.) *Schlagenhauf*, however, does not help Petitioner's case as the petition for a writ of mandamus in *Schlagenhauf* was sought in the *federal* appellate courts to set aside the order of a *federal* district court compelling the petitioner to submit to a mental and physical examination under Fed. R. Civ. P. 35. As this court explained in its January 20, 2022 Memorandum and Order, a federal district court has "original jurisdiction of any action in the nature of mandamus to

compel an officer or employee *of the United States or any agency thereof* [i.e. a federal officer or employee] to perform a duty owed to the plaintiff," 28 U.S.C. § 1361 (emphasis added), but does not have jurisdiction "to compel actions by state officers, including state judicial officers." (Filing 14 at CM/ECF p. 2.)

Thus, upon consideration of Petitioner's motion, the court concludes Petitioner has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact, nor has he presented any "extraordinary circumstances" justifying relief. Thus, Petitioner has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e) or Rule 60(b).

IT IS THEREFORE ORDERED that: Petitioner's Motion for Reconsideration of Writ of Mandamus (filing 18) is denied.

Dated this 16th day of February, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge